# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ANGELA TERRY                                                                                    PLAINTIFF

v.                                     No. 4:18CV00118 JLH

G4S SECURE SOLUTIONS (USA), INC.;
TRACY PARKER; STEVE WILLIS;
and DAVID FILLMORE                                                                            DEFENDANT

## OPINION AND ORDER

Angela Terry brings this action against her employer, G4S Secure Solutions (USA), Inc., and supervisors Tracy Parker, Steve Willis, and David Fillmore, alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Document #2 at 2. Terry is a private security officer. The defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants correctly argue, as will be explained, that the complaint fails to state a claim upon which relief may be granted. Terry's claims against the individual defendants will be dismissed, but she will be given an opportunity to amend her complaint against G4S Secure Solutions.

The complaint includes the following facts. Document #2 at 4-5. Terry's supervisor, Tracy Parker, publicly accused her of stealing.[1] Terry complained about the false accusation to upper management and human resources. Then, Parker began harassing Terry. Parker criticized her work and threatened to write her up, even though she performed her duties satisfactorily and maintained a perfect attendance record. Terry reported the harassment to upper management more than ten times. G4S Secure Solutions did nothing to stop the harassment. Terry was forced to consult an attorney, who wrote a letter to G4S Secure Solutions on December 20, 2017. Document #2 at 6-7.

---

[1] Parker is a male.

After receiving the letter, G4S Secure Solutions placed Terry on administrative leave pending an investigation. Upon completion of the investigation, Terry was told that Parker confused her with another employee and that she would be compensated for the two days she missed while on administrative leave, but that she could not return to her post. Instead, G4S Secure Solutions offered Terry another position: special events. Terry says that special events does not provide a stable income because events take place only two or three times a month.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).[2] In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id*. The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted

---

[2] The appropriate pleading standard in employment discrimination cases has been a matter of debate. *See* Charles A. Sullivan, Plausibly Pleading Emp't. Discrimination, 52 Wm. & Mary L. Rev. 1613, 1619-21 (2011). The Eighth Circuit has suggested that a more lenient pleading standard applies in the employment discrimination context. *See LaKeysia Wilson v. Ark. Dept. of Human Servs.* 850 F.3d 368, 372-73 (8th Cir. 2017). Because Terry's complaint is devoid of factual allegations of discrimination and fails even under a more lenient pleading standard, the Court will pass on a discussion of the appropriate pleading standard in employment discrimination cases.

by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

Construing the pro se complaint liberally, Terry alleges two claims under Title VII: The defendants discriminated against Terry based on her sex and retaliated after she complained of harassment. Neither of these claims are cognizable against the individual defendants–Tracy Parker, Steve Willis, and David Fillmore. Employees cannot be held personally liable under Title VII; only employers are liable for violations of Title VII. *See Schoffstall v. Henderson,* 223 F.3d 818, 821, n.2 (8th Cir. 2000) (citing *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690 (8th Cir. 1997)); *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380-81 (8th Cir. 1995) (collecting cases); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994).

Under Title VII, an employer may not discriminate against an employee with respect to her compensation, or the terms, conditions, or privileges of her employment because of the employee's sex. 42 U.S.C. § 2000e-2(a)(1). The elements of a claim of sex discrimination are: (1) plaintiff was a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) there are facts that give rise to an inference of unlawful sex discrimination. *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 700 (8th Cir. 2006). Terry has failed to allege facts that give rise to an inference of unlawful sex discrimination. She alleges that G4S Secure Solutions terminated her position. Document #2 at 2. She checked the box indicating G4S Secure Solutions did so because of her sex. *Id.* But in the narrative of factual allegations, Terry says that G4S Secure Solutions terminated her position because she complained about Parker's false accusations and subsequent harassment. *See id.* at 4. Nowhere does Terry allege that Parker or any

other defendant discriminated against her because she is a woman. The complaint fails to state a claim for sex discrimination.

Title VII also prohibits an employer from retaliating against an employee for opposing the employment practices outlawed in its provisions. 42 U.S.C. § 2000e-3(a). The elements of a claim of retaliation are: (1) plaintiff engaged in statutorily-protected conduct; (2) she suffered an adverse employment action; and (3) a causal connection exists between the two. *Wells*, 469 F.3d at 702. Complaining explicitly about discriminatory treatment is statutorily-protected conduct. *See Green v. Franklin Nat. Bank of Minneapolis*, 459 F.3d 903, 914-15 (8th Cir. 2006). Complaining about a fellow employee but failing to mention that the undesirable behavior was based on the plaintiff's membership of a protected class it not statutorily-protected conduct. *See Helton v. Southland Racing Corp.*, 600 F.3d 954, 960-61 (8th Cir. 2010) (finding that because employee did not mention race during phone call in which she complained about a fellow employee, the call was not a statutorily protected activity). Terry says that she complained to various G4S Secure Solutions supervisors about Parker's false accusation and subsequent harassment, but as discussed, Terry does not allege that she was treated differently because she is a woman or that she complained to supervisors that she was being treated differently because she is a woman. Absent any allegations of statutorily-protected conduct, the complaint fails to state a claim for retaliation.

Terry also mentions a hostile work environment, baldly alleging that "[t]he harassment continued which made my work environment hostile." Document #2 at 4. Even if her complaint could be construed to allege a hostile work environment claim, there are not enough facts alleged to support it. She does not allege the type of severe or pervasive harassment that would create a hostile work environment, nor does she allege that the harassment was based on her membership in

4

a protected group. *See Vajdi v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 549-50 (8th Cir. 2007). The complaint does not state a claim for hostile work environment in violation of Title VII.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED IN PART. Document #14. Angela Terry's claims against Tracy Parker, Steve Willis, and David Fillmore are dismissed with prejudice. Terry's complaint also fails to state a claim upon which relief may be granted against G4S Secure Solutions, but she will be given an opportunity to file an amended complaint against G4S Secure Solutions. If she wishes to file an amended complaint against G4S Secure Solutions, she must do so within twenty-one days from the entry of this Opinion and Order. The amended complaint must allege facts sufficient to show that G4S Secure Solutions discriminated against her because of her sex, that G4S Secure Solutions retaliated against her for complaining about discrimination protected by the Equal Opportunity laws, or both. Failure to comply with this order will result in dismissal of all of her claims against G4S Secure Solutions.

IT IS SO ORDERED this 6th day of April, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE