# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ANGELA TERRY                                                                                       PLAINTIFF

v.                                          No. 4:18CV00118 JLH

G4S SECURE SOLUTIONS (USA), INC.                                                      DEFENDANT

## OPINION AND ORDER

Angela Terry brings this action against her employer, G4S Secure Solutions (USA), Inc., alleging sex discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and defamation. Document #19. Terry is a private security officer. She originally sued her supervisors in addition to G4S Secure Solutions, but the Court dismissed the claims against the supervisors with prejudice. Document #18. The Court also held that the complaint did not state a claim against G4S Secure Solutions because nowhere did she allege that she was treated differently because she was a woman. *Id.* The Court, however, gave her the opportunity to file an amended complaint. *Id.* Terry filed the amended complaint. Document #19. G4S Secure Solutions has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Document #20. For the following reasons, the motion is granted in part and denied in part.

## I.

In the amended complaint, Terry references the initial complaint, stating that she wants to give the Court more details about her experience. Document #19 at 1. She does not repeat the facts in the original complaint. *See id.* Ordinarily, an amended complaint supersedes the original complaint, rendering the original complaint without legal effect. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). However, the Court "may consider the pleadings, material

embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" in deciding the motion to dismiss. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Furthermore, Terry is proceeding *pro se* and her pleadings are held to less stringent standards than pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court finds that Terry intended for the original complaint to operate as part of the amended complaint and looks to both in deciding the motion to dismiss. *See Thompson v. Westmore Indus.*, No. 16-cv-4024, 2017 WL 2841228 at *3 (D. Minn. June 14, 2017).

The original complaint includes the following facts. Document #2 at 4-5. Terry's supervisor, Tracy Parker, publicly accused her of stealing.[1] Terry complained about the false accusation to upper management and human resources. Then, Parker began harassing Terry. Parker criticized her work and threatened to write her up, even though she performed her duties satisfactorily and maintained a perfect attendance record. Terry reported the harassment to upper management more than ten times. G4S Secure Solutions did nothing to stop the harassment. Terry was forced to consult an attorney, who wrote a letter to G4S Secure Solutions on December 20, 2017. Document #2 at 6-7. After receiving the letter, G4S Secure Solutions placed Terry on administrative leave pending an investigation. Upon completion of the investigation, Terry was told that Parker confused her with another employee and that she would be compensated for the two days she missed while on administrative leave, but that she could not return to her post. Instead, G4S Secure Solutions offered Terry another position: special events. Terry says that special events does not provide a stable income because events take place only two or three times a month.

---

[1] Parker is a male.

The amended complaint expands upon the original complaint. Document #19 at 4. Terry says that when she reported the harassment to human resources, she made clear her opinion that if she were a male, Parker would never have treated her poorly. She also told her superiors that she felt discriminated against because she was the only female guard at her post for several months. She alleges that Parker treats male employees more favorably. According to Terry, Parker praises male employees but criticizes Terry. She also explains that at the time Parker publicly accused her of stealing, he had access to the surveillance system and easily could have viewed the footage to see that nothing was stolen. Terry maintains that G4S Secure Solutions fabricated the reason for moving her to another position—because the client no longer wanted her there after the investigation, even though she was cleared of wrongdoing. Terry alleges that since she filed this action, G4S Secure Solutions has refused to consider her for a permanent post. She met with Tasha Pankey, the human resources officer, in February of this year and learned that the client had complained about Parker and G4S Secure Solutions planned to replace him with another supervisor. Terry alleges that she has consistently followed company rules, performed her job to the best of her ability, and even reported to work the same day she had major foot surgery.

## II.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to

determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id.* The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In *Swierkiewicz v. Sorema N.A.*, the Supreme Court held that, in the employment discrimination context, a plaintiff's complaint does not need to allege specific facts establishing a prima facie case of discrimination under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) because a prima facie case under that framework is an evidentiary standard. 534 U.S. 506, 508, 122 S. Ct. 992, 995, 152 L. Ed. 2d 1 (2002). Instead, the Court recited Rule 8(a), which provides that a complaint must contain only a short and plain statement showing that the pleader is entitled to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). When Swierkiewicz was decided, the *Conley v. Gibson* interpretation of Rule 8(a), establishing a notice-pleading4 standard was good law. *Id.* at 512, 122 S. Ct. at 998. The Court explained that "this simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*

Since *Twombly* and *Iqbal* refined the Supreme Court's interpretation of Rule 8(a) and held that plausibility is the pleading standard, whether *Swierkiewicz* is still good law has been a matter of debate. *See* Charles A. Sullivan, Plausibly Pleading Emp't. Discrimination, 52 Wm. & Mary L.

Rev. 1613, 1619-21 (2011); *see also McCleary-Evans v. Maryland Dept. of Transp.*, 780 F.3d 582, 587 (4th Cir. 2015) ("*Swierkiewicz* in any event applied a more lenient pleading standard than the plausible-claim standard now required by Twombly and Iqbal."); *Littlejohn v. City of New York*, 795 F.3d 297, 309 (2nd Cir. 2015) (contemplating whether the Iqbal requirements apply to Title VII complaints); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (holding that plaintiff's complaint included enough facts in support of a claim of employment discrimination, stating that a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex[, race, etc.]."). Neither in *Twombly* nor *Iqbal* did the Supreme Court expressly overrule *Swierkiewicz*.

The Eighth Circuit has relied on *Swierkiewicz* insofar as it held that a plaintiff does not have to plead specific facts establishing a prima facie case of discrimination under the *McDonnel Douglas* burden-shifting framework. *See Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (applying the plausibility standard but acknowledging that in *Swierkiewicz* "the Supreme Court negated any need to plead a prima facie case in the discrimination context."). A recent Eighth Circuit opinion suggests that a more lenient pleading standard applies in the employment discrimination context. See *LaKeysia Wilson v. Ark. Dept. of Human Servs.* 850 F.3d 368, 372 (8th Cir. 2017); *see also McPherson v. Brennan*, 888 F.3d 1002, 1004 (8th Cir. 2018) (citing *Swierkiewicz*). The court explained that "[u]nder the 'simplified notice pleading standard' that governs *McDonnell Douglas* retaliation claims, summary judgment motions—not motions to dismiss—should dispose of most unmeritorious claims." *Id*. The Eighth Circuit quoted *Johnson v. City of Shelby*, a case in which the Supreme Court cited *Swierkiewicz* approvingly, in support of this proposition: "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so

5

effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam).

## II.

### A. Sex Discrimination

Title VII prohibits an employer from discriminating against an employee with respect to compensation, or the terms, conditions, or privileges of employment because of the employee's sex. 42 U.S.C. § 2000e-2(a)(1). The elements of a claim of sex discrimination are: (1) plaintiff was a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) the facts give rise to an inference of unlawful sex discrimination. *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 700 (8th Cir. 2006). Terry was a member of a protected class, she has sufficiently alleged that she was qualified for her job, and her transfer from a permanent post to an as-needed post involving a reduction in pay is an adverse employment action. *See Williams v. Tucker*, 857 F.3d 765, 769 (8th Cir. 2017). The issue is whether there are facts that give rise to an inference of unlawful sex discrimination. Terry alleges that Parker was critical, treated her with disrespect and falsely accused of her stealing because she was a female. The client voiced concerns about Terry after the false accusation and subsequent investigation and G4S Secure Solutions told Terry those concerns were the reason for the transfer. These facts give rise to an inference of unlawful sex discrimination.

### B. Retaliation

The amended complaint also states a claim for retaliation. To establish a prima facie case of retaliation, Terry must show that she engaged in statutorily protected conduct, suffered an adverse

employment action, and a causal connection exists between the two. *Wells*, 469 F.3d at 701. Terry has sufficiently plead all three elements of the prima facie case.

First, she alleges that complained numerous times to Panky and her superiors about disparate treatment and even engaged a lawyer to complain on her behalf—that she was treated differently by Parker because she was a female.[2] Complaining explicitly about discriminatory treatment is a statutorily protected activity. *See Williams-Raynor v. Ark. Dept. of Health*, No. 4:16CV00761 JLH, 2017 WL 1017636 at *7 (E.D. Ark. Mar. 15, 2017) (collecting cases). Second, Terry's transfer to an as-needed, lower paying post is an adverse employment action. *Tucker*, 857 F.3d at 769.

Third, the amended complaint can be construed to allege that Terry was transferred in part because she complained about Parker's behavior. Terry engaged an attorney to write a letter to G4S Secure Solutions on December 20, 2017. Upon receiving the letter, G4S Secure Solutions placed Terry on administrative leave while they conducted an investigation. The investigation lasted a few days and when Terry returned to work, she was informed that she could not return to her post and would be transferred to special events. The short period of time between the letter and Terry's transfer is enough at this stage to sufficiently allege causation. *See Wilson*, 850 F.3d at 373.

### C. Hostile Work Environment

To the extent the amended complaint alleges a claim for hostile work environment based on sexual harassment, it fails. To state a claim for hostile work environment, the plaintiff must allege, among other things, "harassment . . . 'severe or pervasive enough to create an objectively hostile or abusive work environment' and the victim must subjectively believe her working conditions have

---

[2] The letter does not mention discrimination based on sex; rather, it focuses on harassment, but the Court considers the letter in conjunction with Terry's allegations about her own complaints. *See* Document #2 at 6-7.

been altered." *Blomker*, 831 F.3d at 1056 (quoting *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 801 (8th Cir. 2009)). The Eighth Circuit explained:

> The standards for a hostile environment are demanding, and "conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." *Alagna v. Smithville R–II Sch. Dist.*, 324 F.3d 975, 980 (8th Cir. 2003). When evaluating a hostile environment, we look at the totality of the circumstances, "including the frequency and severity of the discriminatory conduct, whether such conduct was physically threatening or humiliating, as opposed to a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." *Vajdl [v. Mesabi Acad. of KidsPeace, Inc.]*, 484 F.3d [546,] 551 [ (8th Cir. 2007) ].

*Id.* at 1057 (quoting *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 420 (8th Cir. 2010)). "'More than a few isolated incidents are required,' and the allegations must be 'so intimidating, offensive, or hostile that it poisoned the work environment.'" *Id.* (quoting *Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 967 (8th Cir. 1999)).

Terry alleges that Parker rolled his eyes and neck at her and criticized her work performance. Document #19 at 2. And she alleges that he falsely accused her of stealing. *Id.* The frequent eye rolling and criticism can be characterized, at most, as rude. *See, e.g. Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005) (noting that sporadic use of abusive language and occasional teasing does not rise to the level of actionable harassment). The false accusation was an isolated incident; isolated incidents do not amount to discriminatory changes in the terms and conditions of employment unless "extremely serious." *Id.* The false accusation did not rise to that level. *See Blomker*, 831 F.3d at 1058 (collecting cases where behavior was more egregious than that alleged in Terry's complaint, but the court still held it was not enough to establish a hostile work environment). Accepting as true these factual allegations, the amended complaint cannot support the conclusion that Terry was subjected to an objectively hostile work environment.

8

**D. Defamation**

In Arkansas, the elements of a defamation claim for a private individual are that (1) the defendant published a false statement of fact concerning the plaintiff, (2) the statement of fact was defamatory, (3) the defendant acted with negligence in failing to determine the truth of the statement prior to its publication, and (4) the publication of the statement was a proximate cause of the plaintiff's damages. *Walmart Stores, Inc. v. Lee*, 348 Ark. 707, 731, 74 S.W.3d 631, 651 (2002). Such a false statement must be published, i.e., it must have been communicated to someone other than the plaintiff, and it must have caused actual harm to the plaintiff's reputation. *Id.* Here, Terry alleges that Parker publicly accused her of stealing fuel from a client;[3] the statement harmed her reputation because the client said it no longer wanted her to work at its facility; Parker knew Terry did not steal, but even if there was a reason to believe she did, he had access to surveillance video and could have determined that she was innocent; and the false accusation played a role in her transfer to a less paying position. Of course, a statement that a person committed a criminal act is defamatory. *See Bland v. Verser*, 299 Ark. 490, 492, 274 S.W.2d 124, 125 (1984).

The question is whether GS4 Secure Solutions can be held liable for Parker's defamatory statement under Arkansas law. The answer is yes. *See Sawada v. Walmart Stores, Inc.*, 2015 Ark. App. 549, 10-14, 473 S.W.3d 60, 67-68; *Dillard Dept. Stores, Inc. v. Felton*, 276 Ark. 304, 309-11, 634 S.W.2d 135, 138-40 (1982). The amended complaint states a claim for defamation.

---

[3] Because the client knew about the accusation and subsequent investigation, at the pleading stage the Court assumes that Terry intends to allege that the statement was published outside the company. *Roeben v. BG Excelsior Ltd. P'ship.*, 2009 Ark. App. 646, 344 S.W.3d 93 (noting that a company cannot publish a statement to itself).

9

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART. Terry's claim that she was subjected to a hostile work environment is dismissed without prejudice. The motion is otherwise denied. Document #20.

IT IS SO ORDERED this 1st day of June, 2018.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE